DAVID LOPEZ, ESQ. (DL-6779)
Attorney For Plaintiff
171 Edge Of Woods Road
P.O. Box 323
Southampton, New York
Tel: (631) 287-5520
Fax: (631) 283-4735
e-Mail:  DavidLopezEsq@aol.com

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
_____

DEBORAH DONOGHUE,

     **Plaintiff,**

   - against -

                                 **COMPLAINT**

ALLOY, INC. and MLF PARTNERS, L.P.

     **Defendants.**
_____/

    **DEBORAH DONOGHUE,** by David Lopez, Esq., her attorney, complaining of the defendants, respectfully alleges the following upon information and belief, except as to paragraph 2, which plaintiff alleges on personal knowledge:

**JURISDICTION:**

    1.  This action arises under the provisions of Section 16(b) of the Securities Exchange Act of 1934, as amended (the "Act"), 15 U.S.C. Section 78p(b), and jurisdiction is conferred upon this court by Section 27 of the Act, 15 U.S.C. Section 78aa.

**THE PARTIES**:

2.   Plaintiff is a security owner of ALLOY, INC., a Delaware corporation with principal offices at 151 West 26th Street, New York, New York 10001.  At all times relevant hereto the common stock of ALLOY, INC. was registered under Section 12(g) of the Act and traded on the NASDAQ National Market System through market-makers located in this district.  This action is brought in the right and for the benefit of ALLOY, INC. which is named as a party defendant solely in order to have all necessary parties before the court.

3.   At times relevant to liability MLF PARTNERS, L.P., a Delaware limited partnership, was a more-than-10% beneficial owner of ALLOY, INC.  It has a principal place of business or may be found at 2401 West Bay Drive, Suite 124, Largo, Florida 33770

**STATUTORY REQUISITES**:

4.   The violations to be described herein involve non-exempt securities in non-exempt transactions engaged in by non-exempt persons within the meaning of Section 16(b) of the Act and the rules and regulations promulgated

thereunder.

5.    Demand for prosecution was made on June 11, 2005.
More than sixty days have passed since the initial demand
without collection having been effected.    Further delay in
the filing of suit would be a futile gesture.

6.    Some of the transactions to be described herein
were effected in whole or in part within the district
through market-makers located herein.

7.    This action is brought within two years of the
occurrence of the violations to be described herein or
within two years of the time when reports required by 15
U.S.C.  78p(a)  setting  forth  the  substance  of  the
transactions here complained of were first filed with the
Securities & Exchange Commission.

**FIRST CLAIM FOR RELIEF**:

8.    MLF PARTNERS, L.P. purchased the following shares
of common stock of ALLOY,INC. on the dates and at the
prices shown:

| Date | # Of Shares | Price |
|------|-------------|-------|
| 09/02/04 | 50,000 | 3.6257 |
| 09/03/04 | 20,773 | 3.5889 |
| 09/07/04 | 50,000 | 3.4959 |

| | | |
|---|---:|---:|
| 09/08/04 | 80,000 | 3.3043 |
| 09/09/04 | 136,365 | 3.1055 |
| 09/10/04 | 20,000 | 3.866 |
| 09/13/04 | 50,000 | 3.3983 |
| 09/14/04 | 45,000 | 3.3480 |
| 09/17/04 | 17,350 | 3.333 |
| 09/21/04 | 15,237 | 3.8184 |
| 09/23/04 | 36,700 | 3.74 |
| 09/27/04 | 13,249 | 3.7945 |
| 09/27/04 | 17,000 | 3.7498 |
| 09/28/04 | 20,000 | 3.7276 |
| 09/29/04 | 18,680 | 3.8442 |
| 09/30/04 | 20,000 | 3.8112 |
| 10/01/04 | 25,100 | 4.024 |
| 10/04/04 | 15,782 | 3.9996 |
| 10/05/04 | 11,256 | 4.0602 |
| 10/06/04 | 12,000 | 4.1213 |
| 10/08/04 | 6,027 | 4.2298 |
| 10/11/04 | 68,000 | 4.2019 |
| 12/09/04 | 50,000 | 5.70 |
| 12/14/04 | 60,000 | 5.90 |
| 12/16/04 | 20,000 | 6.22 |
| 12/16/04 | 5,000 | 6.49 |
| 12/17/04 | 12,500 | 6.47 |
| 12/20/04 | 5,000 | 6.58 |
| 12/21/04 | 20,000 | 6.86 |
| 12/23/04 | 78,100 | 6.78 |
| 12/27/04 | 20,000 | 6.90 |
| | 1,019,119 | |

9.    MLF PARTNERS, L.P. transferred to MLF OFFSHORE

PORTFOLIO CO. 5,575,065 shares of ALLOY, INC. common stock

on January 3, 2005, as part-payment for limited partnership

units of MLF OFFSHORE PORTFOLIO CO.

10.    MLF OFFSHORE PORTFOLIO CO., at January 3, 2005,

and immediately prior to the transfer aforesaid was a

distinct and different entity from MLF PARTNERS, L.P.

It had limited partners, assets, liabilities and net worth which differed from those of MLF PARTNERS, L.P.  The limited partnership units of MLF OFFSHORE PORTFOLIO CO. received by MLF PARTNERS, L.P. as aforesaid had a value different, independent and distinct from the value of the shares of ALLOY, INC. transferred by MLF PARTNERS, L.P. and higher than the cost to MLF PARTNERS, L.P. of such ALLOY, INC. shares purchased within a period of less than six months.  Such transfer for consideration was a sale by MLF PARTNERS, L.P. of its ALLOY, INC. shares for puposes of Section 16(b).

11.  By reason of the foregoing purchases and sale or sale and purchases of shares of ALLOY, INC. common stock by MLF PARTNERS, L.P. within periods of less than six months while it was a more-than-10% beneficial owner of ALLOY, INC., MLF PARTNERS, L.P. realized profits, the exact amounts being unknown to plaintiff, which profits inure to the benefit, and are recoverable by plaintiff on behalf, of ALLOY, INC.

**SECOND CLAIM FOR RELIEF**:

12.  MLF PARTNERS, L.P., during periods not barred by the statute of limitations preceding the date of the filing of the complaint in this suit, directly or indirectly

purchased and sold or sold and purchased equity securities of ALLOY, INC. within periods of less than six months of each other while it was a more-than-10% beneficial owner of ALLOY, INC.

13.  By reason of its purchases and sales or sales and purchases within periods of less than six months of one another while an insider and fiduciary of ALLOY, INC., MLF PARTNERS, L.P. realized profits, the exact amounts thereof being unknown to plaintiff, which profits inure to the benefit, and are recoverable by plaintiff on behalf, of ALLOY, INC.

WHEREFORE, plaintiff demands judgment:

a)  Requiring MLF PARTNERS, L.P. to account for and to pay over to ALLOY, INC. the short-swing profits realized and retained by it in violation of Section 16(b) of the Act, together with appropriate interest and the costs of this suit.

b)  Awarding to plaintiff her costs and disbursements, including reasonable attorneys' fees; and

c)   Granting to plaintiff such other and further relief as the court may deem just and proper.

Dated:   Southampton, New York
         January 26, 2006

                              Yours, etc.


                              _____
                              David Lopez, Esq.
                              DL-6779
                              171 Edge Of Woods Road
                              P.O. Box 323
                              Southampton, New York 11969
                              Tel: (631) 287-5520
                              Fax: (631) 283-4735